

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

HOMERO MARTINEZ,                    §
                                    §
            Movant,                 §
                                    §
VS.                                 §   NO. 4:15-CV-544-A
                                    §   (NO. 4:12-CR-209-A)
UNITED STATES OF AMERICA,           §
                                    §
            Respondent.             §

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for decision the motion of Homero Martinez
("movant") under 28 U.S.C. § 2255 to vacate, set aside, or
correct sentence. After having considered such motion, the
government's response[1], and pertinent parts of the record in Case
No. 4:12-CR-209-A, styled "United States of America v. Homero
Martinez," the court has concluded that such motion should be
denied.

I.

<u>Background</u>

On December 6, 2012, movant pleaded guilty to possession
with intent to distribute 50 grams or more mixture and substance
containing detectable amounts of methamphetamine, in violation of

---

[1] A July 30, 2015 court order gave movant the opportunity to reply to the government's response
by September 24, 2015. Doc. 5. To date no such reply has been filed. The "Doc. _" references are to the
numbers assigned to the referenced documents on the docket of this civil case, No. 4:15-CV-544-A.

21 U.S.C. § 841(a)(1) and (b)(1)(B). CR Doc.[2] 17; 18. Movant's advisory guideline range was 262 to 327 months, and on March 22, 2013, the court sentenced him to a term of 262 months' imprisonment and five years of supervised release. CR Doc. 30; 31. Movant appealed and his appeal was dismissed as frivolous pursuant to <u>Anders v. California</u>. <u>United States v. Martinez</u>, 578 F. App'x 333 (5th Cir. 2014) (citing 386 U.S. 738 (1967)).

The government does not dispute that movant has timely filed his motion under 28 U.S.C. § 2255. The pertinent facts are adequately summarized by the government's response and will not be repeated here.

## II.

## Grounds of the Motion

Movant asserts three grounds in support of his motion:

GROUND ONE: The presentence investigator's[3] report was not properly researched. Doc. 1 at 4-8.

GROUND TWO: Movant's counsel was ineffective because he did not properly challenge the presentence report. Doc. 1 at 8-11.

---

[2] The "CR Doc. _" references are to the numbers assigned to the referenced documents on the docket of the underlying criminal proceeding, No. 4:12-CR-209-A.

[3] Movant uses the term presentence investigator which the court interprets to mean an officer of the United States Probation and Pretrial Services Office.

GROUND THREE: The affidavit of Jesus Sanchez-Quiroz ("Quiroz") shows that the presentence investigator was deceived by Sergio Echauri-Amezcua ("Amezcua"). Doc. 1 at 11.

III.

Analysis

A.   Pertinent Legal Principles

   1.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-65 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441

(5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515,

517-18 (5th Cir. 1978)).

    2.  <u>Legal Standard for Ineffective Assistance of Counsel</u>

To prevail on an ineffective assistance of counsel claim,

movant must show that (1) counsel's performance fell below an

objective standard of reasonableness and (2) there is a

reasonable probability that, but for counsel's unprofessional

errors, the result of the proceedings would have been different.

<u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>see</u> <u>also</u>

<u>Missouri v. Frye</u>, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012).

"[A] court need not determine whether counsel's performance was

deficient before examining the prejudice suffered by the

defendant as a result of the alleged deficiencies." <u>Strickland</u>,

466 U.S. at 697; <u>see</u> <u>also</u> <u>United States v. Stewart</u>, 207 F.3d 750,

751 (5th Cir. 2000). "The likelihood of a different result must

be substantial, not just conceivable," <u>Harrington v. Richter</u>, 562

U.S. 86 (2011), and a movant must prove that counsel's errors "so

undermined the proper functioning of the adversarial process that

the trial cannot be relied on as having produced a just result."

<u>Cullen v. Pinholster</u>, 563 U.S. ___, 131 S. Ct. 1388, 1403 (2011)

(quoting <u>Strickland</u>, 466 U.S. at 686). Judicial scrutiny of this

type of claim must be highly deferential and movant must overcome

a strong presumption that his counsel's conduct falls within the

wide range of reasonable professional assistance. <u>Strickland</u>,

466 U.S. at 689. Stated differently, the question is whether counsel's representation amounted to incompetence under prevailing professional norms and not whether it deviated from best practices or most common custom. Premo v. Moore, 562 U.S. 115, 122 (2011).

B.   The Grounds of the Motion are Without Merit

   1.   Grounds One and Three

   Misapplication of the sentencing guidelines claims do not meet the § 2255 requirement that a movant may raise only constitutional errors or injuries that could not have been raised on direct appeal and would result in a miscarriage of justice if left unaddressed; thus, such claims are not cognizable under § 2255. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999).

   Here, movant's first and third grounds focus on the presentence report and the research conducted by the probation officer. Doc. 1 at 4 and 11. Movant claims that the presentence report was inadequately researched and the "presentence investigator" was deceived by a co-conspirator; thus, the presentence report should have contained different information and movant should have been sentenced under a different sentencing range. Doc. 1 at 4 and 11. These claims concern the misapplication of sentencing guidelines and are not cognizable under § 2255. See id.

2.   <u>Ground Two</u>

Movant's second ground is ineffective assistance of counsel claiming his attorney failed to contest false information contained in the presentence report, failed to aggressively pursue the debriefing of movant, and failed to pursue an effort to show that his co-conspirator, Amezcua, rather than movant, was the leader of the operation. Doc. 1 at 8-11.

Movant's allegation that his attorney did not contest false information contained in the presentence report appears to be related to movant's failure to qualify for a mitigating-role reduction. Doc. 1 at 9. Movant claims counsel should have contested Amezcua's statement to the presentence investigator and that counsel should have questioned movant's wife regarding falsehoods in such statement. CR Doc. 21 at 6-7 ¶ 14; Doc. 1 at 9-10. Movant also claims that he was reluctant to rent the apartment to Amezcua. Doc. 1 at 10.

These claims are nothing more than conclusory allegations which cannot sustain a claim for ineffective assistance of counsel. Movant supports this allegation with affidavits of his wife, Rosa Martinez, his nephew, Hiram Martinez, and Amezcua's cell-mate, Jesus Quiroz, along with various articles about a cartel run by a family with the surname Amezcua. Doc. 1 at Exhibit 2-9.

Movant was not given a sentence enhancement or reduction based on his role in the crime. CR. Doc. 21. Movant's counsel

objected to the presentence report asserting movant should get a mitigating-role reduction. CR Doc. 34. The government responded to these objections claiming movant was an "at least an average participant. . ." and highlighting movant's admission that he rented the apartment and garage and other corroborating evidence. CR Doc. 23 at 1. By order signed on March 18, 2013, the court tentatively found movant's objection on the mitigating-role reduction without merit. CR. Doc. 27. At the sentencing hearing movant's counsel withdrew the objection. CR. Doc. 40 at 5.

An ineffective assistance claim cannot be based on "an attorney's failure to raise a meritless argument." United States v. Kimbler, 167 F.3d 889, 893 (5th Cir. 1999) (citations omitted). The affidavits and articles submitted by movant fail to establish that movant has met the high burden of establishing ineffective assistance of counsel. The affidavit of movant's wife admits that movant rented the apartment for Amezcua and calls into question only Amezcua's statement that he lived in movant's home briefly. Doc. 1 at Exhibit 6. The affidavit of movant's nephew also states that movant rented the apartment for Amezcua and suggests that he was hesitant about doing so. Doc. 1 at Exhibit 7. The affidavit of Amezcua's cell-mate claims that Amezcua admitted to "point[ing] the finger" at movant. Doc. 1 at Exhibit 8. While these affidavits might lend support to a claim that Amezcua's statement was not entirely true, they wholly fail to establish any evidence indicating that movant deserved a

mitigating-role reduction. Doc. 1 at Exhibit 8. Movant has

provided no evidence that suggests that his counsel's performance

was unreasonable in withdrawing the objection to the presentence

report or not further contesting Amezcua's statement. See

Strickland, 466 U.S. at 687.

Furthermore, movant has failed to show that his counsel's

failure to object to Amezcua's statement or the failure of the

presentence report to give a mitigating-role reduction at the

sentencing hearing would have changed the outcome of the

proceeding. The record shows that there is ample evidence to

support a conclusion that movant was ineligible for a mitigating-

role reduction, including movant's own admissions. See CR. Doc.

18; CR. Doc. 23.

Movant claims there is no evidence or testimony connecting

him with garage No. 75 where cash and drugs were found and that

that fact should have been contested. CR Doc. 21 at 6 ¶ 13; Doc.

1 at 9. The record clearly indicates that movant has no basis to

claim ineffective assistance of counsel for failure to contest

this fact because movant signed a stipulation of facts stating

that he rented an attached garage for the purpose of storing

methamphetamine. CR. Doc. 18 at 2.

Movant claims that counsel did not submit movant's affidavit

to the court until April 1, 2013, ten days after sentencing. Doc.

1 at 9-10. The record does not reflect any such filing.[4]

Furthermore, movant does not specify what information this affidavit would have provided and how this would change the outcome of proceedings. Conclusory allegations cannot sustain a claim of ineffective assistance of counsel. Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983).

Movant also claims that counsel failed to aggressively pursue movant's debriefing which rendered him ineligible for the safety-valve. Doc. 1 at 10. The presentence report indicates that movant was ineligible for the safety valve because he had not truthfully provided the government all information and evidence he had regarding the offense. CR. Doc. 21 at 9-10 ¶ 27. Movant provides no information about his debriefing and whether or not he was truthful in providing information to the government. Movant cannot establish ineffective assistance of counsel "merely by stating his conclusion." United States v. Holmes, 406 F.3d 337, 361 (5th Cir. 2005).

Finally, movant's contention that his attorney failed to pursue an effort to show Amezcua, rather than movant, was leader of the operation does not establish that counsel's actions rise to the high bar of ineffective assistance of counsel. See Strickland, 466 U.S. at 686. Movant argues that his attorney should have conducted "Google" searches, wherein he would find

---

[4] The record of criminal action 4:12-cr-209-A has no filing on April 1, 2013.

9

that Amezcua belongs to a family that leads a cartel, and movant

attached articles to this motion suggesting that there is a

cartel operated by a family with the surname of Amezcua. Doc. 9

at 11, Exhibit 2-5.

Movant was not given an enhancement for an aggravating role

and ample evidence supported the conclusion that movant was not

eligible for a mitigating-role reduction. CR. Doc. 23. Also,

movant's counsel brought up this argument in the sentencing

memorandum by discrediting Amezcua's statement and suggesting

that movant was assisting Amezcua, not vice versa. CR Doc. 26 at

3.  In addition, movant's wife testified at the sentencing

hearing that movant had "give[n] his friendship to the wrong

crowd . . . ." CR Doc. 40 at 8. The court sentenced movant after

reviewing all of the filings in the record and hearing testimony

at the sentencing hearing, using all relevant factors under 18

U.S.C. § 3553(a). CR. Doc. 40 at 5, 12.

The affidavit of Amezcua's cell mate does not establish that

movant's counsel was ineffective. This affidavit merely suggests

that Amezcua "pointed the finger" at movant and that movant was

not the "cartel boss". Doc. 1 at Exhibit 8. Again, movant was not

given an enhancement for an aggravating role in the conspiracy

and the record supports a conclusion that movant was not eligible

for a mitigating-role reduction independent of Amezcua's actions

or statement. CR Doc. 21.

IV.

Order

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

* * * * * *

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 8, 2015.

JOHN McBRYDE
United States District Judge

11